■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID R. PELCHAT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Suffolk County (Jaspan, J.), rendered April 26, 1982, convicting him of criminal possession of marihuana in the first degree, upon his plea of guilty, and imposing sentence. Judgment affirmed. The case is remitted to the Supreme Court, Suffolk County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant, over the objection of the prosecutor, admitted his guilt and pleaded guilty to the charge in the indictment. Thereafter, defendant moved, *inter alia,* for leave to withdraw his plea, on the ground that his decision to plead guilty was influenced by the prosecutor's failure to disclose *Brady* material. After a hearing, his motion was denied. We affirm. The law is well settled that "[a] defendant is not entitled to withdraw his plea merely because he discovers * * * that his calculus misapprehended the quality of the State's case" (see *Brady v United States,* 397 US 742, 757). In this context, "no prosecutor is obliged to share his appraisal of the weaknesses of his own case (as opposed to specific exculpatory evidence) with defense counsel" (see *People v Jones,* 44 NY2d 76, 81). Defendant's motion for leave to withdraw his guilty plea was predicated on the prosecutor's failure to disclose weaknesses in the People's case, and not on exculpatory evidence. Therefore, the motion was properly denied. Gulotta, J. P., O'Connor, Weinstein and Rubin, JJ., concur.